# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

JAMES WILLIAM KELLEY, JR.,

    Plaintiff

vs.

Lieutenant RICHARD FINNEY, *et al.*,

    Defendants

NO. 5:10-CV-146 (CAR)

**O R D E R**

Plaintiff **JAMES WILLIAM KELLEY, JR.**, presently an inmate at the Johnson State Prison ("JSP") in Wrightsville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of JSP.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See **Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

As discussed in this Court's May 10, 2010, order, plaintiff, a white inmate, alleges that he was subjected to racial discrimination while confined at the Al Burruss Correctional Training Center ("Burruss CTC"). This Court informed plaintiff that he has alleged no physical injury and thus 42 U.S.C. § 1997e(e) generally prohibits plaintiff from recovering damages. As the Court noted, section 1997e(e) would not prohibit plaintiff from recovering nominal damages if he establishes a violation of a fundamental constitutional right. The Court provided plaintiff with the opportunity to request nominal damages (*i.e.,* $1.00).

In response to this Court's order, plaintiff has indicated that he is seeking punitive damages, not compensatory damages as his requested relief was previously characterized by this Court. Whether plaintiff's requested damages are characterized as compensatory or punitive, they are certainly not nominal damages. Accordingly, section 1997e(e) mandates that this lawsuit be

3

dismissed. ***See e.g., Hale v. Secretary for Dept. of Corrections***, 345 Fed. Appx. 489, 491-92 (11th Cir. 2009) (section 1997e(e) precludes a prisoner from seeking compensatory or punitive damages absent a showing of physical injury); ***see also Napier v. Preslicka***, 314 F.3d 528, 531-32 (11th Cir.2002) ("action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court").

## III. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED WITHOUT PREJUDICE**.[1]

**SO ORDERED**, this 4th day of August, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Since filing his complaint, plaintiff has filed two motions. In plaintiff's "Motion to Amend" (Tab # 10), he seeks to: (1) dismiss the Georgia Department of Corrections as a defendant; (2) add Officer Taylor-Avery, place of employment unknown, as a defendant; (3) add a claim for punitive damages; and (4) have Burruss CTC investigated. Said motion has been rendered moot by the dismissal of this action. Plaintiff has also filed a "Motion for Court Order" (Tab # 11), seeking to gain law library access at JSP. This motion is **DENIED**. If plaintiff wishes to seek injunctive relief in the form of more library time, he must file a new lawsuit against the appropriate individuals at JSP, where plaintiff is presently confined. That lawsuit should be filed in the United States District Court for the Southern District of Georgia, where JSP is located.